IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| STANLEY PAUL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-4186-CV-C-SOW |
| ) | |
| DR, DOISEY, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Stanley Paul Smith, an inmate confined at Fulton State Hospital, a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

In his 111-page complaint, plaintiff seeks, among other relief, damages in excess of $3,000,000,000 and immediate release from Fulton State Hospital (FSH). Plaintiff alleges, among other things, that as a result of an ongoing governmental conspiracy involving numerous high-ranking governmental officials[1], he is being illegally detained at FHS and denied proper medical and psychological care. Plaintiff further alleges that governmental officials are using him for illegal gain; trying to steal his home, land and property; and trying to torture and kill him.

On September 18 and October 30, 2007, plaintiff filed motions to amend, seeking to add defendants and claims. The additional claims allege, among other numerous issues, that plaintiff is a political prisoner and has not received his "cut" for work he has done for federal agencies.

---

[1]Plaintiff names as defendants, among others, Newton County Sheriff; Missouri Attorney General Jay Nixon; current and former Missouri Governors Matt Blunt, Bob Holden and Mel Carnahan; United States Senators Kit Bond and Claire McCaskill; and President George W. Bush.

A party is permitted to amend his complaint once, as a matter of course, any time before a responsive pleading is served. Fed. R. Civ. P. 15. No responsive pleading has been filed in this case; thus, plaintiff's motions are granted.

Plaintiff has also filed motions seeking orders for his immediate release from FSH; that the U.S. Marshal pick him up from FSH and return him to Joplin, Missouri; for temporary restraining orders seeking his removal from FSH and preventing any governmental official from approaching him; and to have current and former Presidents Bush and The Honorable Dean Whipple committed to a psychiatric hospital.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. In re Williamson, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The term "frivolous," as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citation omitted).

Upon review of plaintiff's claims and motions for relief, this court finds plaintiff's claims are frivolous, malicious and fanciful. Moreover, plaintiff clearly seeks his immediate from FSH; therefore, his claims must be brought in a petition for writ of habeas corpus.

2

When a plaintiff seeks a speedier release from confinement, and/or a judgment in his favor would necessarily imply the invalidity of his confinement, the issue is one that must be brought in a petition for writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475, 501 (1973); Simmons v. O'Brien, 77 F.3d 1093 (8th Cir. 1996). Habeas corpus review is available to challenge the legality of a state's orders of criminal confinement and of civil commitment. See Duncan v. Walker, 533 U.S. 167 (2001) (habeas corpus review may be available to challenge legality of a state order of civil commitment); Francois v. Henderson, 850 F.2d 231 (5th Cir. 1988) (entertaining a challenge brought in federal habeas petition under § 2254 to a state's commitment of a person to a mental institution upon verdict of not guilty by reason of insanity). Federal habeas corpus, however, requires exhaustion of all adequate and available state court remedies. Preiser, 411 U.S. at 490. State courts must have an opportunity to review the merits of a petitioner's contentions and must be given primary responsibility for these type of cases. Fay v. Noia, 372 U.S. 391 (1963); Tyler v. Swenson, 527 F.2d 877 (8th Cir. 1976). The fact that plaintiff may be seeking damages related to his alleged illegal confinement does not excuse him from first exhausting state remedies. Therefore, because a finding in favor of plaintiff would necessarily imply the invalidity of his confinement to FSH, his claims seeking release from FSH, filed under section 1983, should be dismissed, without prejudice. Heck v. Humphrey, 512 U.S. at 487; Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995). Upon exhaustion of state remedies, plaintiff may petition for a writ of federal habeas corpus. If he is able to invalidate his confinement, he may refile his section 1983 claims.

Plaintiff's motions to consolidate this complaint with a previous case filed in this court, Smith v. Long, No. 04-5131 (W.D. Mo. 2005) (dismissed on habeas grounds), and motion to reopen should be denied.

Finally, the court advises plaintiff that his use of vulgar and very derogatory language within his complaint will not be tolerated, and may subject plaintiff to sanctions if continued.

IT IS, THEREFORE, ORDERED that plaintiff's motions to amend his complaint are granted. [4, 6, 7, 11] It is further

RECOMMENDED that plaintiff's motion for leave to proceed in forma pauperis be denied. [8] It is further

3

Case 2:07-cv-04186-SOW   Document 17   Filed 01/09/08   Page 3 of 4

RECOMMENDED that plaintiff's claims seeking release from Fulton State Hospital because he is being illegally detained be dismissed, without prejudice. It is further

RECOMMENDED that plaintiff's remaining claims be dismissed, pursuant to 28 U.S.C. § 1915, as frivolous and malicious. It is further

RECOMMENDED that plaintiff's motions for injunctive relief be denied. [2, 5, 13, 14, 15]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 9th day of January, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4